**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

JARAME NELSON,
a/k/a Tarence Nelson,

Petitioner,

v. Case No. 2:20-cv-02557-MSN-tmp

JOHNNY FITZ,

Respondent.

---

**ORDER GRANTING RESPONDENT'S MOTIONS TO SUBSTITUTE ATTORNEY (ECF NO. 72) AND TO FILE A RESPONSE (ECF NO. 73), DIRECTING THE CLERK TO MODIFY DOCKET, DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)(6) (ECF NO. 70), TRANSFERRING MOTION (ECF NO. 70) TO THE SIXTH CIRCUIT AS A SECOND OR SUCCESSIVE PETITION, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

---

Before the Court is Petitioner Jarame Nelson's[1] *pro se* Motion for Relief from Judgement Pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 70), filed August 27, 2026. Petitioner asks the Court to reconsider its March 31, 2025, order (ECF No. 61) denying his Petition for Writ of Habeas Corpus (ECF No. 1). Also before the Court are Respondent's Motion to Substitute Attorney (ECF No. 27); Motion to for Leave to File a Response (ECF No. 73); and Response to the Rule 60(b) Motion (ECF No. 74). For good cause shown, Respondent's Motions (ECF No. 72 & 73) are **GRANTED**. The Clerk **SHALL** terminate Senior Assistant Attorney General Nicholas S. Bolduc as counsel of record for Respondent and designate Deputy Attorney General

[1] Petitioner is in the custody of the Tennessee Department of Correction ("TDOC") (prisoner number 352541). He is incarcerated at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee.

John Bledsoe in his place. For the reasons below, Petitioner's Rule 60(b) Motion (ECF No. 70) is **DENIED** and **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for further consideration as a proposed second or successive § 2254 petition.

**BACKGROUND**

Petitioner is serving two consecutive life sentences for the murders of Tonya Johnson and their unborn child; Ms. Johnson was eight months pregnant with Petitioner's child when she died. *See State v. Nelson*, No. W2011-02222-CCA-R3-CD, 2013 WL 12185279, at *1 (Tenn. Crim. App. May 24, 2013). The Tennessee Court of Criminal Appeals ("TCCA") affirmed the denial of Petitioner's state post-conviction petition. *See Nelson v. State*, No. W2017-02063-CCA-R3-PC, 2019 WL 3777030 (Tenn. Crim. App. Aug. 12, 2019).

At the post-conviction evidentiary hearing, Petitioner testified that he hid his 9-millimeter handgun, the victim's Sig Sauer handgun, the victim's cell phone, and the victim's computer under a shed in Murfreesboro, Tennessee. *Id.* at *6. Petitioner told trial counsel where these items were located, and counsel retrieved two firearms. *Id.* Petitioner testified that his 9-millimeter handgun had a hair trigger and that counsel should have obtained ballistics testing to determine whether the retrieved gun had a hair trigger. *Id.* On post-conviction appeal, the TCCA rejected Petitioner's claim that counsel was ineffective for not submitting the handgun to ballistics testing. *Id.* at *9–10.

Petitioner then returned to state court, filing three error coram nobis petitions, two motions to reopen his post-conviction proceedings, and one petition for post-conviction fingerprint analysis. While these actions were ongoing, Petitioner disclosed—a decade after the offense occurred—that the Sig Sauer handgun allegedly used by the victim, as well as its magazines, were

inside his desktop computer, which was in police custody. When the items were located inside the computer, no latent fingerprints and no usable DNA evidence were found. *See Nelson v. State*, W2024-01516-CCA-R3-ECN, 2025 WL 1013955, at *1-3 (Tenn. Crim. App. Apr. 3, 2025).

Petitioner filed his § 2254 Petition in this Court on July 30, 2020. (ECF No. 1.) Relevant here, Petitioner raised four ineffective assistance claims based on counsel's conduct regarding the firearms found under the shed (Claims 4, 5, 6, and 9). The Court denied Petitioner's § 2254 Petition on March 31, 2025. (ECF No. 61.) The Court concluded that Claims 4, 5, and 6 were procedurally defaulted. (*Id.* at PageID 2382–88.) The Court denied Claim 9 on the merits, deferring to the TCCA's factual determination that, despite the trial court's finding to the contrary, the 44-millimeter handgun found under the shed was not proven to be the handgun Petitioner used to shoot the victim. (*Id.* at PageID 2401–03.)

Petitioner subsequently appealed, and the Sixth Circuit denied his application for a certificate of appealability ("COA") on January 14, 2026. (ECF No. 68.) Petitioner's petition for writ of certiorari to the United States Supreme Court remains pending. (ECF No. 71.)

**THE RULE 60(b) MOTION**

Petitioner returned to this Court on August 26, 2026, with his Rule 60(b) Motion. (ECF No. 70.) Petitioner seeks relief under Rule 60(b) "on the grounds that this Court's March 31, 2025[,] order was based on a fundamental misapprehension of the state court record." (*Id.* at PageID 2451.) Specifically, Petitioner argues:

> [T]he Court's denial of [his] claims [were] predicated on two demonstrable factual errors: (1) the Court's erroneous finding that [Petitioner's] trial counsel did not possess the murder weapon, which is directly contradicted by the Shelby County Post-Conviction Court's explicit finding that counsel *did* possess the murder weapon; and (2) the Court's failure to consider the 2023 recovery of the victim's

> firearm (a Sig Sauer P229) from state custody, an event that was documented in the state court record before this Court.

(*Id.*) Petitioner asserts that the Sixth Circuit's denial of a COA "compounded this Court's factual errors by stating that [Petitioner] 'fails to show the gun actually was found'—a conclusion that is plainly contradicted by the state court record." (*Id.* at PageID 2458.) According to Petitioner, "[t]his cascading factual misapprehension . . . demonstrates a systemic defect in the integrity of the federal habeas proceedings." (*Id.*) He argues that these errors were not harmless because "they formed the sole basis for the denial of [his] ineffective assistance of counsel claims." (*Id.*) As relief, Petitioner asks that the Court grant his Rule 60(b) Motion, vacate its March 31, 2025, order, and reconsider his claims "in light of the correct state court record." (*Id.* at PageID 2460.) Petitioner also asks that the Court "grant an evidentiary hearing to resolve the material factual conflicts regarding the firearms." (*Id.*)

In response, Respondent argues that to the extent Petitioner's motion concerns the Court's rejection of Claim 9 on the merits, "the Court should treat the motion as a second or successive habeas corpus petition and transfer it to the United States Court of Appeals for that court's consideration on whether to authorize a second or successive petition." (ECF No. 74 at PageID 2480.) To the extent the motion concerns the Court's resolution of Claims 4, 5, and 6, Respondent argues the Court should deny the motion "because the [motion] is untimely and [Petitioner] has not proven extraordinary circumstances for post-judgment relief." (*Id.*)

## ANALYSIS

Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relief a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Fed. R. Civ. P] 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "As a prerequisite to relief under Rule 60, a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (quoting *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993)).

Here, Petitioner brings his motion pursuant to Rule 60(b)(6)—the catchall provision. This provision applies only in "exceptional and extraordinary circumstances where principles of equity mandate relief." *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018) (citation modified). "Such circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *see also Tanner v. Yukins*, 776 F.3d 434, 446 (6th Cir. 2015). "In addition to exceptional circumstances, principles of equity [must] *mandate* relief for subsection (b)(6) to apply. Accordingly, the movant must show: (1) lack of prejudice to the non-moving party; (2) a

meritorious defense; and (3) lack of culpability for the adverse judgment." *Travelers Cas. and Sur. of Am. v. J.O.A. Constr. Co., Inc.*, 479 F. App'x 684, 690 (6th Cir. 2012) (citation modified). Because public policy favors the finality of judgments, relief under Rule 60(b)(3) or Rule 60(b)(6) requires clear and convincing evidence. *See id.*

"When faced with a Rule 60(b) motion filed in response to the denial of an application for habeas relief, the district court must first determine whether the petitioner is only seeking Rule 60(b) relief or is attempting to file a second or successive habeas application." *Webb v. Davis*, 940 F.3d 892, 897 (5th Cir. 2019) (citing *Gonzalez*, 545 U.S. at 531–32). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241 *et seq.*, limits the circumstances under which a state prisoner may file a second or successive application for habeas relief, and requires that the prisoner first "move in the appropriate court of appeals for an order authorizing the district court to consider" a second or successive habeas application. 28 U.S.C. § 2244(b)(3)(A). Under the AEDPA, a district court does not have jurisdiction to consider a petitioner's "second or successive" habeas petition unless the petitioner first obtains authorization from the appropriate Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007). "A motion under Rule 60(b) may be treated as a second or successive habeas petition if necessary to enforce the requirements of the AEDPA." *Tyler v. Anderson*, 749 F.3d 499, 506 (6th Cir. 2014). That necessity arises when the motion "asserts a federal basis for relief from the state court's judgment of conviction by seek[ing] to add a new ground for relief or attack[ing] the federal court's previous resolution of a claim on the merits." *Id.* (citation modified).

Here, Respondent argues that Petitioner's "primary request from this Court is a reopening of his judgment and then relitigation of this Court's merits-rejection of his ineffective-assistance

claim asserted in Claim 9." (ECF No. 74 at PageID 2489.) The Court agrees with Respondent's characterization. Petitioner takes issue with the Court's repeated conclusions that "trial counsel did not possess the murder weapon," arguing that these findings "are directly contradicted by the Shelby County Post-Conviction Court's factual finding" that trial counsel did possess the weapon used to murder the victims. (ECF No. 70 at PageID 2456.) Petitioner argues that the Court "did not simply disregard the state court's finding; it affirmatively contradicted it without acknowledging the discrepancy or explaining why the presumption of correctness was overcome." (*Id.* at PageID 2457.)

Petitioner is correct that in its order denying post-conviction relief, the post-conviction court stated: "The gun used to kill the victim was still in the possession of the attorney at the time of the hearing, as he had been told where it had been hidden by the petitioner after the killing . . . ." (ECF No. 20-12 at PageID 1059.) Petitioner, however, overlooks the opinion issued by the TCCA affirming the denial of his post-conviction petition. The TCCA explicitly noted:

> While we agree the petitioner has failed to meet his burden, we also note that the record does not support the trial court's factual determination concerning whether trial counsel possessed the murder weapon. At the hearing, the petitioner testified that the firearm in trial counsel's possession after searching under the shed was a "HK USP 9 millimeter," the same firearm used to shoot the victim. Contrastingly, trial counsel testified the two firearms he found were a "44 millimeter handgun" and a "12 gauge shotgun." Trial counsel also testified the firearm he retrieved and tested did not have a "hair trigger," an alleged characteristic of the firearm the petitioner used to shoot the victim. Based on the conflicting testimony and the fact the firearm at issue was not introduced, the petitioner failed to prove his factual allegation, that trial counsel possessed the murder weapon, by clear and convincing evidence. Thus, the evidence preponderates against the post-conviction court's finding of fact.

*Nelson*, 2019 WL 3777030, at *10. Here, because the TCCA was the last state court to issue a reasoned opinion on this issue, the post-conviction court's opinion was not determinative for this

Court's habeas review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991); *Willoughby v. White*, 786 F. App'x 506, 510 (6th Cir. 2019).

Petitioner also faults this Court for not "consider[ing] the 2023 recovery of the victim's firearm (a Sig Sauer P229) from state custody, an event that was documented in the state court record before this Court." (ECF No. 70 at PageID 2451.) According to Petitioner, the recovery of this firearm "physically corroborates [his] long-maintained account of self-defense—that the victim pointed a firearm at him before he fired." (*Id.* at PageID 2457.) Petitioner suggests that the Court's "failure to consider this dispositive evidence in its prejudice analysis constitutes another defect in the integrity of the federal proceedings, as the [C]ourt evaluated [his] claims without accounting for key evidence that was present in the record before it." (*Id.* at PageID 2458.) In support of this argument, Petitioner references the Shelby County Criminal Court's September 17, 2024, order, which stated that the Sig Sauer was discovered concealed inside a computer and submitted to the Tennessee Bureau of Investigation ("TBI") for testing. (*Id.* at PageID 2457.)

A Rule 60(b) motion that "seek[s] leave to present 'newly discovered evidence' . . . in support of a claim previously denied" is, in substance, "a successive habeas petition and should be treated accordingly." *Gonzalez*, 545 U.S. at 531. Likewise, a Rule 60(b) motion asserts a new claim for relief if it "attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statute, entitled to habeas relief." *Id.* at 532. Here, Petitioner seeks relief from judgment on Claim 9 by both presenting newly discovered evidence and attacking the Court's merits resolution. Petitioner's Rule 60(b)

Motion "is in substance a successive habeas petition" reasserting his previously rejected Claim 9, and "should be treated accordingly." *Id.* at 531.

Respondent also argues that Petitioner cannot satisfy "the narrow requirements of Rule 60(b)" to seek post-judgment relief on Claims 4, 5, or 6. (ECF No. 74 at PageID 2491.) According to Respondent, even though Petitioner relies on the catchall provision in 60(b)(6), his motion should be construed as seeking relief under 60(b)(1), which provides for relief due to "mistake, inadvertence, surprise, or excusable neglect," and/or 60(b)(2), which provides for relief based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." (*Id.*) To the extent Petitioner's Rule 60(b) Motion is brought under these two subsections, it is untimely. Motions under subsections (1), (2), and (3) must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." *See* Fed. R. Civ. P. 60(c). The Court entered judgment on March 31, 2025, and Petitioner filed his Rule 60(b) Motion more than one year after.

Nor is Petitioner entitled to relief under Rule 60(b)(6) because he fails to demonstrate that extraordinary circumstances exist to warrant such relief. Petitioner was well aware of the TCCA's factual determination regarding the finding of the firearm before he filed his motion. Likewise, of the three exhibits Petitioner has attached to his Rule 60(b) Motion, two were filed in this Court prior to the denial of his § 2254 Petition. (*See* ECF Nos. 45, 56-2, 70-1.) And Petitioner had access to the third document while the § 2254 Petition was pending before the Court and provides no explanation for his failure to submit it at that time.

## CONCLUSION

Petitioner's attack on the Court's ruling on the merits of Claim 9 is not properly presented as a Rule 60(b) motion but is instead a second or successive habeas claim requiring authorization from the Sixth Circuit to pursue. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained that authorization. The Rule 60(b) Motion (ECF No. 70) is therefore **TRANSFERRED** to the Sixth Circuit for further consideration as a proposed second or successive § 2254 petition. To the extent Petitioner properly seeks post-judgment relief under Rule 60(b), the Motion (ECF No. 70) is **DENIED**.

## APPELLATE ISSUES

A certificate of appealability ("COA") is required "not only to appeal the initial denial of a writ of habeas corpus, but also to appeal from the denial of a motion brought pursuant to Rule 60(b)." *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 201); *see* 28 U.S.C. § 2253(c)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. *See* 28 U.S.C. § 2253(c)(2)–(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, reasonable jurists could not debate the correctness of the Court's decision to deny Petitioner's Rule 60(b) motion on the ground that it lacks merit. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a COA.

Additionally, Federal Rule of Civil Procedure 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5). Here, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith and leave to appeal *in forma pauperis* is **DENIED**.[2]

**IT IS SO ORDERED,** this 15th day of October, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

[2] If Petitioner files a notice of appeal, he may pay the full appellate filing fee or file a motion for leave to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days of the date of entry of this Order. *See* Fed. R. App. P. 24(a)(5).